T.C. Memo. 1999-417


UNITED STATES TAX COURT


HOWARD G. GRIDER AND ANNA C. GRIDER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21303-97.                    Filed December 23, 1999.


Howard G. Grider, pro se.

David G. Hendricks and Michael J. O'Brien, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge: Respondent determined a deficiency in petitioners' 1994 Federal income tax of $40,464 and an accuracy-related penalty under section 6662(a) for negligence of $8,093.

After concessions,[1] the issues for decision are:

---

[1] Petitioners concede that respondent's adjustments to their
(continued...)

1.    Whether petitioners may deduct the amount of repairs expenses they incurred in 1994 ($114,823), as petitioners contend, or the amount they paid ($51,203), as respondent contends.  We hold that petitioners may deduct only the amount of repairs expenses that they paid in 1994.

2.    Whether petitioners are liable for the accuracy-related penalty for negligence under section 6662(a) for 1994.  We hold that they are.

References to petitioner are to Howard G. Grider.  Section references are to the Internal Revenue Code in effect during the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioners lived in Warren, Arkansas, when they filed their petition.

A.    Petitioner's Logging Business

Petitioner has been in the logging business since 1951. From 1951 to 1994, petitioner reported income from his logging business on the cash method of accounting (i.e., he did not

---

[1](...continued)
gross receipts, interest expense, and cost of goods sold are correct.  The parties settled the depreciation issue, and agree that computational adjustments will be required for petitioners' self-employment tax for 1994.

report income until he received it), yet he accrued expenses (i.e., he deducted expenses when he became liable for them).

Petitioner has about 8-10 suppliers from whom he buys diesel fuel, truck parts, and other items for his business. Petitioner generally pays his suppliers within 30 days.

Petitioner incurred $114,823 of repair expenses for logging machinery and equipment in 1994. However, because he had a dispute with one of his suppliers, petitioner paid $51,203 of that amount in 1994 and $63,620 in 1995.

B. Petitioners' Tax Returns

Petitioner prepared petitioners' tax returns from 1951 through the year in issue. He had no professional help in preparing the 1994 return.

Petitioner reported his logging income for 1994 based on Forms 1099 issued to him. Petitioner computed his expenses by totaling his cash payments and check stubs for 1994. Petitioner reported on his Schedule C for 1994 that he used the cash method of accounting.

Petitioner deducted $94,723 for repairs and maintenance expenses in 1994. He arrived at this amount by reducing $119,723, the amount of expenses he thought he had incurred in

1994,[2] by $25,000.  He did so to increase petitioners' income for Social Security purposes.

Petitioners understated gross receipts on their Schedule C by $139,993, and purchases by $101,763.  Petitioners overstated their fuel tax credit by $8,884 for 1994.

OPINION

A.   Whether Respondent Properly Disallowed Petitioners' Deduction of $63,630 of Repairs Expenses for 1994

The first issue for decision is whether petitioners may deduct more than $51,203 for repairs expenses for 1994. Petitioners contend that they may deduct $114,823 for repairs expenses for 1994.  Petitioners did not report income until they received it, but they deducted some expenses before they paid them.  Petitioners contend that this is a proper hybrid method of accounting which they have consistently and properly used to compute and report petitioner's income and expenses from his logging business.  Petitioners also contend that respondent's determination was an abuse of discretion because the cash method of accounting does not clearly reflect petitioner's income from the logging business.

We disagree.  First, petitioners did not explain why the cash method would not clearly reflect their income.  Second, petitioners did not use a valid hybrid method of accounting.

_____

[2] Petitioner incurred only $114,823 of repair expenses in 1994.

Petitioners improperly reported income on the cash method and related expenses on an accrual method. See sec. 1.446-1(c)(1)(iv), Income Tax Regs. A taxpayer's method of accounting that is plainly contrary to the regulations does not clearly reflect income. See Thor Power Tool Co. v. Commissioner, 439 U.S. 522, 523, 533 (1979).

Petitioners rely on G.C.M. 37,316 (Nov. 11, 1977) and G.C.M. 39,328 (June 8, 1984) for the proposition that use of an accounting method for 2 years is sufficient to establish a taxpayer's right to use that method. Petitioners' reliance is misplaced. Neither G.C.M. permits a taxpayer to use an improper accounting method.

Petitioners must deduct business expenses in the taxable year in which the expenses are paid. See sec. 461(a); sec. 1.461-1(a)(1), Income Tax Regs. Petitioners paid $63,620 of repair expenses in 1995; thus, they may not deduct those expenses in 1994.

Petitioners contend that respondent improperly changed petitioners' method of accounting from a hybrid method to the cash method. We disagree. Respondent may change petitioners' method of accounting to another method that, in respondent's opinion, clearly reflects income if respondent determines that they used an impermissible accounting method to report income. See sec. 446(b). As discussed above, petitioners used an improper hybrid method of accounting in 1994, and respondent's

determination was not an abuse of discretion.  Thus, we sustain respondent's determination that petitioners must report income on the cash method of accounting.

Petitioners cite <u>Hospital Corp. of Am. v. Commissioner</u>, T.C. Memo. 1996-105, for the proposition that taxpayers may use a hybrid of cash and accrual methods.  The facts of <u>Hospital Corp. of Am. v. Commissioner</u>, <u>supra</u>, are distinguishable from those in the instant case.  In that case, we held that it was an abuse of discretion for respondent to change the taxpayer's method of accounting because the taxpayer's hybrid method clearly reflected the taxpayer's income.  In the instant case, however, petitioners impermissibly mixed cash and accrual methods of accounting in violation of section 1.446-1(c)(1)(iv)(a), Income Tax Regs.

Petitioners contend that respondent's disallowance of the repairs expense for 1994 was an abuse of discretion because petitioners have consistently used the same method of accounting for more than 40 years.  We disagree; respondent is not estopped by petitioners' prior treatment of petitioner's logging income and expenses.  See <u>Municipal Bond Corp. v. Commissioner</u>, 41 T.C. 20, 32 (1963), revd. and remanded on other issues 341 F.2d 683 (8th Cir. 1965).

B.    Accuracy-Related Penalty Under Section 6662

Respondent determined and contends that petitioners are liable for the accuracy-related penalty for negligence under section 6662(a) and (c) for 1994.

Section 6662(a) and (b)(1) imposes a 20-percent penalty on the portion of an underpayment attributable to negligence. Negligence includes a failure to make a reasonable attempt to comply with the Internal Revenue Code or to exercise ordinary and reasonable care in that respect.  See sec. 6662(c).  Petitioners bear the burden of proving that they are not liable for the accuracy-related penalty imposed by section 6662(a).  See Rule 142(a).

Petitioners contend that their underpayment was not due to negligence or intentional and willful disregard of rules or regulations because they have consistently used the same method of accounting for more than 40 years.  They also contend that respondent conceded this addition to tax.  Petitioners provided a copy of an unsigned decision document that appears to have been prepared by respondent which states that petitioners are not liable under section 6662(a) for 1994.  We do not consider that document because it is not in evidence.

We believe that petitioners were negligent.  Petitioners improperly mixed cash and accrual methods of accounting.  They understated gross receipts on their Schedule C by $139,993 and

purchases by $101,763, and overstated their fuel tax credit by $8,884 for 1994. We conclude that petitioners negligently disregarded the tax laws, and that they are liable for the accuracy-related penalty for negligence under section 6662(a) for 1994.

C.    Section 481

Petitioners contend that they are entitled to a section 481 adjustment. Respondent did not respond to petitioners' section 481 argument in posttrial brief. We agree that section 481 applies because respondent's adjustments sustained herein alter the timing of certain of petitioners' deductions, contrary to petitioners' traditional treatment of these items. Therefore, the parties shall apply section 481 in connection with the Rule 155 computation.

Decision will be entered

under Rule 155.